IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 4:18-CR-00267-BSM |
| | ) | |
| JONATHAN STACY BERRIER | ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S AMENDED MOTION TO SUPPRESS AND/OR MOTION FOR *DENNO* HEARING**

The United States of America, by and through United States Attorney Cody Hiland, and Assistant United States Attorney Kristin Bryant, for its response to defendant's Amended Motion to Suppress (Doc. No. 51) states:

**I. Background**

On June 6, 2018, the defendant was charged in a two-count Indictment with enticement of a minor, in violation of Title 18, United States Code, Section 2422(b), and traveling in interstate commerce for the purpose of engaging in illicit sexual conduct with a minor, in violation of Title 18, United States Code, Section 2423(b).

On April 20, 2020, the defendant filed a Motion to Suppress and/or Motion for *Denno* hearing. The United States' field its initial response on June 5, 2020. (Doc. No. 41) On July 27, 2020, the defendant filed the instant Amended Motion to Suppress and/or Motion for *Denno* hearing.

The arguments made in the Amended Motion suggest that the defendant seeks to suppress statements made in telephone calls with an FBI Special Agent in addition to those discussed in the United States' initial response. The United States' initial response to BERRIER's original Motion to Suppress is incorporated herein by reference. The following addresses additional arguments made in BERRIER's Amended Motion.

1

## II.   Law Enforcement Communications

In its initial response, the United States only dealt with BERRIER's communications with FBI SA Johnson on May 4, 2018.  Below is a description of his telephone communications with FBI SA Cataldo on two occasions prior to that.

A.  First Contact

On March 9, 2018, the FBI executed a federal search warrant at BERRIER'S residence, 70 West 8th Street, Lexington, North Carolina 27295. BERRIER was not home at the time. During the search, BERRIER's brother Sam notified FBI SA Tara Cataldo that he had spoken with BERRIER and advised BERRIER asked SA Cataldo to call him on his cell phone, the number to which Sam provided.

SA Cataldo called BERRIER on the number Sam provided and spoke with BERRIER.  SA Cataldo advised BERRIER that the FBI had a search warrant for his residence and his person, and asked to speak with him.  He told SA Cataldo he would not speak to the FBI without an attorney. SA Cataldo said they needed to know his location to execute the warrant for his person.  BERRIER said he could not come to the North Carolina location but FBI could come to him where he was in South Carolina.

During this conversation, BERRIER also said that the FBI would not find anything on his laptop because he only uses it to watch YouTube. He also said the LG mobile phone that was seized from the residence was his previous mobile phone when he used T-Mobile. He now uses Cricket.

B.  Second Contact

On April 25, 2018, BERRIER contacted SA Cataldo via telephone from (336) 300-9326. He asked why SA Cataldo had visited his residence on April 20, 2018.  SA Cataldo advised that

she would like to talk with him. He asked if the FBI would supply an attorney for him, and SA Cataldo told BERRIER that the FBI does not supply attorneys. He then said he would not talk to SA Cataldo without an attorney present. SA Cataldo advised him to cease all contact with Minor-1 and Minor-1's family. BERRIER said he was worried for Minor-1's safety because she claimed that she was going to run away from home. Further, BERRIER admitted he was in contact with Minor-1, and admitted to contacting Minor-1's relatives.

### III.     Discussion of Authority

In his Amended Motion, the defendant moves the Court to suppress any statements made by him because they were made in violation of his stated refusal to talk with law enforcement without an attorney present.

#### A. Applicable Law

BERRIER was not legally entitled to counsel under either the Fifth or Sixth Amendment when he spoke with SA Cataldo or SA Johnson unless the questioning was custodial. "The Sixth Amendment right to counsel attaches only at the initiation of adversary criminal proceedings, see *United States v. Gouveia*, 467 U.S. 180, 188, 104 S.Ct. 2292, 2297, 81 L.Ed.2d 146 (1984), and before proceedings are initiated a suspect in a criminal investigation has no constitutional right to the assistance of counsel. *Davis v. United States*, 512 U.S. 452, 456–57 (1994)

That is, a suspect not in custody cannot invoke a request for an attorney and thereby avoid questioning by law enforcement. See, e.g., *United States v. Kelly*, 329 F.3d 624, 629–30 (8th Cir. 2003); see also, *United States v. Conrad*, No. CR13-2039, 2014 WL 712962, at *9 (N.D. Iowa Feb. 24, 2014), report and recommendation adopted, No. 13-CR-2039-LRR, 2014 WL 1165860 (N.D. Iowa Mar. 21, 2014), where the court cited other Circuit Courts of Appeals discussing this question:

Defendant's Fifth Amendment claim is dependent on a finding that he was in custody when he asked to speak with an attorney. That is, the protections afforded by Miranda apply only to custodial interrogations. United States v. Kelly, 329 F.3d 624, 630 (8th Cir.2003) ("Because Kelly was not subject to custodial interrogation on December 3, he was not entitled to the protections of Miranda."). Accordingly, even if Defendant made a valid request to speak with an attorney before questioning continued, the officers were not required to cease their questioning if the interrogation took place in a noncustodial setting. *Burket v. Angelone*, 208 F.3d 172, 197 (4th Cir.2000) (a suspect subject to interrogation while not in custody can not invoke the protections provided by *Miranda* ); *United States v. Wyatt*, 179 F.3d 532, 537 (7th Cir.1999) ("The Fifth Amendment right to counsel safeguarded by *Miranda* cannot be invoked when a suspect is not in custody, even if in anticipation of future custodial interrogation."); *Tukes v. Dugger*, 911 F.2d 508, 515 (11th Cir.1990) ("Where the prisoner is not in custody, the *Edward's* and *Roberson* concerns are not triggered because the non-custodial defendant is free to refuse to answer police questions, free to leave the police station and go home, and free to seek out and consult a lawyer."); *United States v. Sharma*, 2009 WL 152868 at *11 (M.D.Fla.) (The Fifth Amendment protection against self-incrimination "encompasses a right to the assistance of counsel only during custodial interrogation.") (italics in original); *Caldwell v. Warren*, 2011 WL 379406 at *7 (E.D.Mich.) (collecting cases).

Furthermore, even if the Court determines that BERRIER was in custody when he told SA Cataldo he would not speak with her without an attorney, there was a break in custody between those telephone calls and SA Johnson's encounter with him on May 4, 2018. A break in custody permits law enforcement to reinitiate questioning of a suspect. See discussion in *United States v. Harris*, 221 F.3d 1048 (8th Cir. 2000)

B. Application

BERRIER's first two contacts with law enforcement described above were clearly noncustodial. Both conversations with FBI SA Cataldo were by telephone; SA Cataldo called BERRIER at his request the first time and he called her the second.

In neither instance was BERRIER in custody. None of the six indicia of custody is implicated except that BERRIER was not informed that the questioning was voluntary.

Because there was a break in time between SA Cataldo's last telephone conversation with

4

BERRIER and SA Johnson's encounter with BERRIER, his previous assertion that he wanted a lawyer before speaking with the FBI did not preclude SA Johnson's questioning of him.

## CONCLUSION

For the foregoing reasons, this Court should deny the defendant's Amended Motion.

        Respectfully Submitted,

        CODY HILAND
        United States Attorney

        By: KRISTIN BRYANT (2009156)
        Assistant U.S. Attorney
        P.O. Box 1229
        Little Rock, AR  72203
        501-340-2600
        Kristin.Bryant@usdoj.gov