IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 4:18-CR-00267-BSM |
| | ) | |
| JONATHAN STACY BERRIER | ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

The United States of America, by and through United States Attorney Cody Hiland, and Assistant United States Attorney Kristin Bryant, for its response to defendant's motion to dismiss (Doc. No. 65), states:

### I. Factual History

The defendant was arrested without a warrant on May 4, 2018; a criminal complaint was submitted to United States Magistrate Judge Jerome T. Kearney that same day. Based on the complaint, Judge Kearney issued an arrest warrant, and an initial appearance was scheduled for May 7, 2018.

On May 7, 2018, the defendant appeared before Judge Kearney and Lisa Peters was appointed to represent him. Based on docket entry 5, it appears as though the defendant requested a probable cause hearing, and the United States was seeking detention; however, at least one party sought a continuance of the proceedings, which apparently was granted. The docket reflects that, "counsel are to contact the Court when they are ready to proceed with the requested hearings."

There is no record that either party requested a hearing for either purpose prior to June 6, 2018.

Thirty days later, on June 6, 2018, a grand jury sitting in the Eastern District of Arkansas returned an indictment against the defendant. (Doc. No. 9) The defendant had a combined

1

arraignment and detention hearing on June 22, 2018.

## II.     Applicable Law

If a grand jury considers and returns an indictment prior to a preliminary hearing, there is no requirement that a preliminary hearing be held.  This is because, "[t]he purpose of a preliminary hearing is to determine whether or not there is probable cause to believe that the defendant has committed an offense. The grand jury by the return of the indictment resolved this question and thereby eliminated the necessity for a preliminary hearing before the U.S. Commissioner." *Vincent v. United States*, 337 F.2d 891, 896 (8th Cir. 1964) (citations omitted)

In *Whitehorn v. United States*, 380 F.2d 909, 912–13 (8th Cir. 1967), the defendant was arrested on a complaint and was indicted 23 days later.  He did not have a probable cause hearing during those 23 days because the court and parties were waiting for Whitehorn to hire counsel. Once he obtained counsel, the preliminary hearing was scheduled but never held because the indictment was returned prior to the hearing.  The Court said, "[t]he return of such indictment superseded the complaint procedure and eliminated any necessity for a preliminary hearing." *Jaben v. United States*, 381 U.S. 214, 220-221, 85 S.Ct. 1365, 14 L.Ed.2d 345; *Vincent v. United States*, 8 Cir.,337 F.2d 891, 896; *Barrett v. United States*, 8 Cir., 270 F.2d 772, 775-776.

The Court then went on to address whether the defendant was prejudiced from the lack of a preliminary hearing.  "The interval between the arrest and the indictment here was twenty-three days. The continuances granted were largely for defendant's convenience and benefit. Defendant has failed to show any prejudice resulted from lack of a preliminary hearing." *Id*.

## III.    Discussion

The parties were not prepared for a preliminary hearing or detention hearing on the day of Mr. Berrier's initial appearance, so Judge Kearney continued the proceedings and invited the

parties to inform the Court when they were ready for the hearings.  The grand jury found probable cause to charge the defendant with the crimes of which he now stands accused before he followed through with his request for a preliminary hearing.  The purpose of the preliminary hearing was satisfied by the grand jury's action.

    Mr. Berrier had the opportunity to ask the Magistrate Judge to schedule a preliminary hearing before the indictment was returned, but did not.  Mr. Berrier has not pointed to any prejudice he may have suffered from the lack of a preliminary hearing, and none is otherwise apparent.

## CONCLUSION

    Wherefore, the United States requests that the Court deny the defendant's motion to dismiss.

Respectfully Submitted,

CODY HILAND
United States Attorney


/s/ KRISTIN BRYANT (2009156)
Assistant U.S. Attorney
P.O. Box 1229
Little Rock, AR  72203
501-340-2600
Kristin.Bryant@usdoj.gov