# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**UNITED STATES OF AMERICA**                             **PLAINTIFF**

**v.**                  **CASE NO. 4:18-CR-00267-BSM**

**JONATHAN STACY BERRIER**                           **DEFENDANT**

## **ORDER**

Jonathan Berrier's motion to dismiss for failure to grant him a preliminary hearing within 14 days of his initial appearance [Doc. No. 65] is denied.

Berrier was arrested without a warrant. Three days after his arrest, Berrier made an initial appearance before U.S. Magistrate Judge Jerome Kearney. During that appearance, counsel was appointed to represent Berrier, and Berrier requested a preliminary hearing to determine if probable cause existed. Judge Kearney directed Berrier to contact the court as soon as he was prepared to proceed with that hearing. Thirty days later, a grand jury returned an indictment against Berrier. There is no record that Berrier contacted the court and indicated his readiness to proceed with a preliminary hearing.

The purpose of a preliminary hearing is to determine whether there is probable cause to justify continued proceedings against an arrested person. *See McDonnell v. U.S.*, 457 F.2d 1049, 1051 (8th Cir. 1972). If, however, that person is indicted, no preliminary hearing must be conducted. *Jaben v. U.S.*, 381 U.S. 214, 220 (1965). That is because the indictment of a person by a grand jury necessarily means that the grand jury has found probable cause to proceed against that person. *See id.*

Berrier's motion to dismiss is denied because the grand jury's return of an indictment against him superseded any need for a preliminary hearing, and because he has failed to show any prejudice resulting from the lack of a preliminary hearing.

IT IS SO ORDERED, this 15th day of September, 2020.

_____
UNITED STATES DISTRICT JUDGE