## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**

**v.**                      **CASE NO. 4:18-CR-00267-BSM**

**JONATHAN STACY BERRIER**                                    **DEFENDANT**
**Reg. No. 31963-009**

### <u>ORDER</u>

Jonathan Berrier's pro se motion to vacate, set aside, or correct his sentence [Doc. No. 154] pursuant to 28 U.S.C. section 2255 is denied.

### I. BACKGROUND

Berrier was sentenced to 180 months' imprisonment after pleading guilty to enticement of a minor. Doc. Nos. 75 & 135. Before entering his plea, Berrier moved to suppress the evidence against him [Doc. Nos. 33 & 51], to exclude evidence [Doc. No. 60], and to dismiss the indictment [Doc No. 65]. All motions, however, were denied. Doc. Nos. 63 & 69. Berrier appealed his sentence and the Eighth Circuit remanded for resentencing. Doc. No. 100. A fact-finding hearing was conducted in compliance with the Eighth Circuit's mandate and Berrier was again sentenced to 180 months imprisonment, and the Eighth Circuit affirmed. Doc. Nos. 135 & 148.

Berrier is now moving to vacate the judgment because defense counsel was ineffective and the United States Attorney engaged in misconduct. *See* 28 U.S.C. section 2225. His motion is denied on all 23 claims.

## II.  LEGAL STANDARDS

### A.      Ineffective Assistance of Counsel

To prevail on his ineffective assistance of counsel claim, Berrier must show that defense counsel's performance was not objectively reasonable.  *Strickland v. Washington*, 466 U.S. 668, 688 (1984).  To do this, he must identify the acts or omissions of counsel that show unreasonable professional judgment.  *Id.* at 690.  If he meets this requirement, he must then show that counsel's actions were outside the wide range of professionally competent assistance.  *Id.*  This burden is very high because courts are highly deferential to the decisions of legal counsel and presume that counsel has "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 689–90; *see Driscoll v. Delo*, 71 F.3d 701, 706 (8th Cir. 1995).  If Berrier shows that counsel's actions were deficient, he then has to show that he was prejudiced by those actions.  *Strickland*, 466 U.S. at 694.  This requires him to show that, but for his lawyer's errors, there is a reasonable probability the outcome of the proceeding would have been different.  *Id.*

### B.      Prosecutorial Misconduct Standard

To prevail on his prosecutorial misconduct claim, Berrier must show that his substantial rights were adversely impacted by the government's improper conduct. *See United States v. Clayton,* 787 F.3d 929, 933 (8th Cir. 2015).

## III. DISCUSSION

Berrier's motion to vacate his sentence is denied.

### A.      Ground One

2

Berrier's argument that his lawyer was ineffective for failing to request a probable cause hearing is denied because this argument was addressed in the order denying his motion to dismiss the indictment.  *See* Doc. No. 69.

B.    Ground Two

Berrier's argument that his lawyer was ineffective for failing to gather several pieces of evidence which would have helped his defense is denied because Berrier admitted at his plea hearing that he committed the acts on which he was indicted.  *See* Doc. No. 97 at 21:23–22:1.  Even if there was other evidence that would have aided his defense, Berrier does not explain how this evidence could have been obtained.

C.    Ground Three

Berrier's argument that his lawyer was ineffective for failing to preserve documents that would show why he wanted a new lawyer appointed is denied because the record clearly shows that defense counsel exercised reasonable professional judgment.  Even if there were documents that show why Berrier requested a new lawyer, he has not shown that those documents would create a reasonable probability of a different result.

Berrier also claims that his request for new counsel was denied without him ever being asked why he wanted new counsel.  At his plea hearing, however, Berrier, was asked if he was satisfied or dissatisfied with the legal representation he received, and he responded that he was not completely happy with it but he understood it.  Doc. No. 97 at 5:4–7.

D.    Ground Four

Berrier's argument that his lawyer was ineffective for failing to call witnesses and

failing to review a video interview of the minor victim and text communications is denied because he has not shown what information would have been produced by these actions. *See Armstrong v. Kemna*, 534 F.3d 857, 867–68 (8th Cir. 2008). Moreover, other than his assertions, Berrier points to nothing showing that his lawyer did not review the video or texts.

### E.      Ground Five

Berrier's argument that his lawyer was ineffective for pressuring him to take a plea and for failing to give him the opportunity to make an informed decision on whether to take a better plea or go to trial is denied because Berrier was on notice of the first plea offer and declined it of his on volition. Doc. No. 130 at 69:22–76:22.

### F.      Ground Six

Berrier's argument that his lawyer was ineffective for failing to challenge testimony of an FBI agent who falsely testified that Berrier asked to speak with him is denied because this would not have changed the outcome of the proceedings. Berrier's argument that the FBI agent asked him incriminating questions without mirandizing him is denied because this has already been addressed  Doc. No. 63. Berrier's argument concerning the FBI agent's testimony failing to identify him as the person on the phone is denied because it was part of the record that was considered before Berrier's motion to suppress was denied. Consequently, counsel was not ineffective for failing to present this issue.

### G.      Ground Seven

Berrier's argument that his lawyer was ineffective because he breached the attorney-

client privilege by putting information about the plea offer on the record is denied because my inquiry into the plea offer did not elicit privilege information, and none was given. *United States v. Begay*, 497 F. Supp. 3d 1025, 1085 (D.N.M. 2020).  Regardless, Barrier has failed to show how this was prejudicial to him.

Berrier's argument that his lawyer was ineffective for failing to file a second motion to suppress the contents of a phone that were produced late is denied because the motion would have been futile in that, at the time the government produced the contents of the phone, it provided a reasonable explanation for the late disclosure.  See Doc. No. 130 at 53.

H.     Ground Eight

Berrier's arguments that his lawyer was ineffective for failing to inform him of his plea hearing until he was in the courtroom and that he would have gone to trial had counsel not threatened that he would be put in jail for up to a year if he tried to withdraw his plea, are denied because Berrier was asked under oath if he knew why he was in the courtroom and if any threats or promises had been made to get him to plead guilty, and Berrier responded yes to the first question and no to the second.  Doc. No. 97 at 4:19–24; 19:2–4.

I.     Ground Nine

Berrier's arguments that his lawyer was ineffective for failing to  preserve the record showing that he did not understand his plea and for failing to allow him to ask questions, are denied because neither argument is supported by the record.  Berrier was asked if he was entering his plea voluntarily and he said yes.  Doc. No. 97 at 19:5–7.  Although Berrier disagreed with some of the facts put on by the United States, he stated that he had sex with

the minor victim.  Doc. No. 97 at 21:23–22:1.

J.      Ground Ten

Berrier's argument that his lawyer was ineffective because he had a conflict of interest is denied.  He claims this conflict of interest was created when defense counsel was elected to a state judgeship and was in a hurry to resolve the case.  The record, however, shows that counsel negotiated at least two plea deals for him and met with him to review evidence on several occasions.

K.      Ground Eleven

Berrier's argument that the government breached the plea agreement by asking for an upward variance is denied because this issue has already addressed by the Eighth Circuit. *See* Doc. No. 148 at 12.

L.      Ground Twelve

Berrier's argument that, had the messages between him and the minor victim been presented in chronological order, they would have revealed a "hidden code" that would have shown that Berrier was actually trying to expose the minor's stepfather is denied

M.      Ground Thirteen

Berrier's argument that he was deprived of effective counsel when his motion for new counsel was denied is denied because this argument has already been addressed by the Eighth Circuit.  Doc. No. 148 at 13.

N.      Ground Fourteen

Berrier's argument that the United States engaged in prosecutorial misconduct by

intentionally withholding evidence, allowing the FBI agent to give false testimony, misrepresenting text messages, and fabricating evidence is denied because it is not supported by the record.

O.     Ground Fifteen

Berrier's arguments that his lawyer was ineffective for failing to ensure that the court had jurisdiction is denied because it is barred by the plea agreement and because the United States District Court for the Eastern District of Arkansas in fact had jurisdiction.

P.     Ground Sixteen

Berrier's argument that his lawyer was ineffective for failing to have the government show cause why he was shackled at his plea hearing is denied because this did not prejudice the outcome of his case.

Q.     Ground Seventeen

Berrier's argument that his first appellate lawyer was ineffective for refusing to try to move to set aside Berrier's plea on appeal is denied because the motion would have been futile.  Moreover, declining to raise a claim is not enough to prove deficient performance unless the claim that was not raised is stronger than those that were presented.  *Deck v. Jennings*, 978 F.3d 578, 584 (8th Cir. 2020).  Nothing in the record supports Berrier's position that the Eighth Circuit would have granted a motion to set aside his plea.

R.     Ground Eighteen

Berrier's argument that his lawyer at re-sentencing was ineffective because he failed to impeach the FBI agent about the contents of the phone that were turned over late, is denied

for the same reasons as addressed above; it does not show ineffective assistance of counsel.

Berrier also argues that his re-sentencing lawyer should have cross examined the minor victim's grandfather (1) about his testimony that he heard the minor victim on the phone with someone while walking past the room she was in and (2) about the inconsistencies in the notes of the phone calls. Neither of these arguments is supported by the record which reflects that the minor victim's grandfather told the FBI agent that he was listening in to the call, not walking past the room. *See* Doc. No. 143 at 25:16–21. And Berrier's lawyer strongly crossed the FBI agent about the minor victim's grandfather, even conferring with Berrier on multiple occasions. *Id*. at 63–67. Berrier's arguments that his lawyer did not collect certain pieces of evidence does not show prejudice nor does it show that the outcome of the proceeding would have been different.

S.      Ground Nineteen

Berrier's argument that his re-sentencing lawyer was ineffective for failing to give him a copy of the PSR used at re-sentencing is denied because it was the same as the one used at his first sentencing. The only reason it was dated sixteen days after the date of the first sentencing is that it contained the revisions requested at the first sentencing.

T.      Ground Twenty

Berrier's argument that his re-sentencing lawyer was ineffective for failing to argue that the United States breached the plea agreement when it sought an upward variance is denied for the same reasons addressed above. Berrier's argument that his re-sentencing lawyer was ineffective for failing to argue that he did not enter into his plea unknowingly

8

because he thought the maximum sentence was ten years is denied because Berrier was informed of the sentencing range and he stated under oath that he understood the statutory sentence range. Doc. No. 97 at 15:1–11.

U.    Ground Twenty-One

Berrier's argument that his lawyer was ineffective for failing to raise the issues presented above in ground twenty on appeal is denied because it would have been futile and counsel has wide discretion in determining what claims to raise on appeal. *See United States v. Brown*, 528 F.3d 1030, 1033 (8th Cir. 2008) (decision not to raise a claim is an exercise of appellate strategy).

V.    Ground Twenty-Two

Berrier's claim that he was deprived of effective assistance of counsel because he is actually innocent is denied because Berrier admitted under oath that he had sex with the minor victim and that he knowingly violated the law. Doc. No. 97 at 21:23–22:1; 22:13–18.

W.    Ground Twenty-Three

Finally, Berrier's argument that I took an active role in his plea negotiations is simply untrue and is not supported by the record.

X.    Hearing

There is no need for evidentiary hearing because the record conclusively shows that Berrier is not entitled to relief. *See Roundtree v. United States*, 751 F.3d 923, 925 (8th Cir. 2014). Furthermore, no certificate of appealability is issued because Berrier has not made

a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2).

For these reasons, Berrier's *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. section 2255 is denied.

IT IS SO ORDERED this 10th day of March, 2026.

_____
UNITED STATES DISTRICT JUDGE